IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS MAYNARD, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:17-cv-751-MHT |
| | ) JURY TRIAL REQUESTED |
| KOCH INDUSTRIES, INC., | ) |
| GEORGIA PACIFIC, LLC, | ) |
| wholly owned subsidiary of | ) |
| Koch Industries, Inc., | |
| GEORGIA-PACIFIC WOOD | |
| PRODUCTS, LLC, wholly owned | |
| Subsidiary of Koch Industries, Inc., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, Thomas Maynard, and hereby doth complain against the Defendants, as set forth hereinbelow.

### I. JURISDICTION AND VENUE

1. Plaintiff, Thomas Maynard files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. § 1331, as an action arising under the action of Congress known as Title VII of the Civil Rights Act of 1964, (42U.S.C. § 2000(e) et. seq.) as amended by the 1991 Civil Rights Act, 42 U.S.C. 1981(a) (42 U.S.C.§1201) and the Americans with Disabilities Act ("ADA"), to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and an award of back pay and damages suffered by the

Plaintiff, caused by the Defendant's discrimination against Plaintiff due to his disability.

2. Plaintiff Maynard filed a charge of disability discrimination with the EEOC in Birmingham in July 2015. On August 8, 2017, Plaintiff received a right-to-sue letter from the EEOC on his Americans with Disabilities Act claim.

3. Venue is proper in the Northern Division of the Middle District of Alabama, since the discriminating action of Defendant occurred in Montgomery County, Alabama.

## II. PARTIES

4. The named Plaintiff, Thomas Maynard (hereinafter "Plaintiff" or "Plaintiff Maynard"), is a citizen of the United States and a resident of Autauga County, Alabama. Plaintiff is over the age of nineteen years.

5. The named Defendant, Georgia-Pacific Wood Products, LLC (hereinafter sometimes collectively, referred to as "Defendants" or individually, as "Georgia Pacific") is an entity located in Montgomery, Alabama, headquartered in Georgia, and was the employer of the Plaintiff at all pertinent times alleged in this complaint.

6. The named Defendant, Georgia-Pacific Wood Products, LLC (hereinafter sometimes collectively, referred to as "Defendants" or individually, as "Georgia Pacific") is an entity located in Montgomery, Alabama, headquartered in Georgia, and was the employer of the Plaintiff at all pertinent times alleged in this complaint.

7. The named Defendant, Koch Industries, Inc. (hereinafter sometimes collectively referred to as "Defendants" or individually, as "Koch") is an entity located in the State of Kansas and the parent company of Georgia-Pacific Wood Products, LLC.

## III. STATEMENT OF FACTS

8. On or about August 26, 2013, Plaintiff began working for Georgia Pacific, as a fuel puncher. During his employment, Plaintiff was promoted to Boiler Helper.

9. Plaintiff's job included carrying out orders and operating a front-end loader to continuously provide fuel to the boiler room.

10. On April 7, 2015, while working for Georgia Pacific, Plaintiff was diagnosed with asthma. While Plaintiff was occasionally having trouble breathing in the boiler room due to the amount of ash, he was still fully able to perform all the necessary duties and function of his job.

11. After Plaintiff Maynard's diagnosis, Plaintiff requested a transfer out of the Boiler room since his job required him to work in an ash pit. Although Plaintiff Maynard attempted to use the provided dust mask, the mask did not prevent Plaintiff Maynard from suffering continued shortness of breath, as the fine particles continued to bypass the filter on Plaintiff's mask.

12. Prior to Plaintiff Maynard's diagnosis, Plaintiff was written up twice, once for cell phone usage, which was cleared up, and arrangements made to enable Plaintiff's elderly and ill parents to contact him through the Boiler Room phone system, in the event of an emergency.

13. Shortly after his diagnosis, a co-worker complained to management that Plaintiff Maynard was using a cell phone while operating a loader. This occurred a few days after a disagreement between Plaintiff Maynard and a supervisor of another

department, Jim Smith. Plaintiff Maynard filed a complaint against said supervisor and management informed Plaintiff Maynard that several other co-workers had complained against Plaintiff, dating back weeks. The management team stated in an Unemployment Claims Hearing held on July 7, 2015 that there were no records of the co-workers' complaints, as required by Georgia Pacific's reporting policy.

14. In a May 6, 2015 meeting, Plaintiff Maynard was informed that management had received several alleged complaints against him. However, none of the complaints were submitted on the TRAX system, a computer system allowing employees to submit complaints to management. Management discussed with Plaintiff Maynard the alleged cell phone violation reported and other alleged complaints lodged against him in the weeks leading up to his termination. Those individuals in attendance at the May 6, 2015 meeting were Marty Blaim, Harry Maristch, and Liz Camacho.

15. In a May 15, 2015 meeting, Plaintiff Maynard was called in, and discharged due to the alleged cell phone usage violation, while operating a front-end loader. Those in attendance of the May 15, 2015 meeting were Marty Blaim, Harry Maristch, and Liz Camacho.

16. Approximately five weeks after Plaintiff's diagnosis, and three weeks after Plaintiff's complaint against Jim Smith, Plaintiff Maynard was terminated from his position.

17. Plaintiff Maynard avers that he is a victim of disability discrimination via a wrongful perception of a disability, and that any other reason(s) given for his termination were pretextual, in an attempt to cover up the real reason, his newly

diagnosed disability and complaint against a supervisor. Alternatively, under the 11th Circuit matter of <u>Quigg v. Thomas County Schools District</u>, 814 F.3d 1227, Plaintiff alleges that Defendants had at least one wrongful dual motive for discrimination against him, namely a perception of Plaintiff's disability that substantially contributed to his termination.

## IV. PLAINTIFF'S CAUSE OF ACTION

### Disability Discrimination under the Americans with Disabilities Act

18. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 16 above, the same as if more fully set forth herein, and further avers that the Defendants failed to accommodate Plaintiff's disability by willfully, and/or maliciously, denying Plaintiff a reasonable accommodation, due to Plaintiff's diagnosis. Alternatively, Plaintiff alleges that the Defendants discriminated against him through a wrongful perception of a disability when he was otherwise fully able to perform all of the necessary duties of his job.

19. Plaintiff avers that Defendants terminated his employment because of his disability diagnosis.

20. Plaintiff has lost wages and benefits and suffered mental anguish as a result of Defendants' discrimination against Plaintiff Maynard, due to his disability.

### **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that this Court grant the following relief:

a. Judgement declaring Plaintiff was discriminated against by the Defendant, due to Plaintiff's disability, or due to Defendants' wrongful perception of Plaintiff's disability;

b. Order reinstating the Plaintiff into his former employment and transferring Plaintiff to a department as reasonably requested prior to his termination; or in the event of non-reinstatement, award Plaintiff appropriate front pay;

c. Award back-pay for all hours missed from work due to the Defendants' discrimination;

d. An award of compensatory damages, including mental anguish, to which Plaintiff may be entitled;

e. An award of punitive damages;

f. An award of all court costs and reasonable attorneys' fees, including those incurred for seeking any and all administrative relief; and

g. Such further, other and different relief as the court may deem appropriate and necessary.

Respectfully submitted this 9th day of **November 2017.**

_____
Thomas Maynard, Plaintiff
437 Hickory Grove Rd
Millbrook, AL 36054        334-538-8601

**JURY DEMAND**

Plaintiff hereby requests trial by jury on all issues so triable.

_____
Thomas Maynard, Plaintiff